**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| FEDELINE DESIRE, TIFFANY ROBERTSON, individually and on Behalf of All Others Similarly Situated, | No. 1:21-cv-16178-NLH-SAK |
| | **OPINION** |
| Plaintiffs, | |
| v. | |
| DREAMWEAR INC. et al., | |
| Defendants. | |

---

<u>**APPEARANCES**</u>:

KWAME L DOUGAN
SCOTCH & PALM LAW GROUP
141 HARRIS RD.
PRINCETON, NJ 08540

   *On behalf of Plaintiffs.*


JEFFREY DOUGLAS
DAVID ABRAHAM GOLD
KANE KESSLER, P.C.
600 THIRD AVENUE
35TH FLOOR
NEW YORK, NY 10016

   *On behalf of Defendant.*


<u>**HILLMAN**</u>, **District Judge**

   Before the Court is Defendants' motion to dismiss the amended complaint.  (ECF 14).  For the reasons expressed below, the motion will be granted in its entirety and Plaintiffs will be given thirty (30) days to amend their complaint.

**BACKGROUND**

For purposes of analyzing this motion to dismiss, the Court takes the facts in the Amended Complaint as true.  Plaintiffs in this case are an employee, Tiffany Robertson, and former employee, Fedeline Desire of Dreamwear Inc. ("Dreamwear"), a company founded and owned by Joseph Franco and Elliot Franco (together, with Dreamwear, "Defendants").  Plaintiffs are two African American females who allege that Defendants unlawfully discriminated against them and that they suffered "dueling indignities of sexual harassment, racial discrimination, and diminished economic opportunities because Defendants foster a hostile work environment and enforce a de facto racial hierarchy among its staff." (ECF 12 at 3).  The Amended Complaint alleges that while the few African American women employed by the company possess exceptional qualifications and perform well, they experienced discrimination and limitations in terms of their opportunities to advance their pay.  (Id.)

In particular, the Amended Complaint alleges that the African American women are promoted less in the company, are subject to a hostile work environment, and denied advancement opportunities to which they were otherwise entitled. (Id. at 3-5).  Further, Plaintiffs claim that they brought this discrimination to the attention of Defendants and that Defendants failed to investigate the claims or to remedy the

issue.  (<u>Id.</u>)  The Amended Complaint becomes slightly more specific in that it specifically alleges that the Plaintiffs notified Defendants that they had each experienced racial and sexual discrimination at the hands of certain employees, which the Amended Complaint identified by first names or initials. (<u>Id.</u> at 5-6).  Plaintiffs also state that Defendants retaliated against them for raising their concerns in regard to harassment and unsafe policies in response to Covid-19.  (<u>Id.</u> at 9-14). While the Amended Complaint alludes to concerning conduct in the abstract, it does not allege any dates, locations, or specific circumstances surrounding the alleged misconduct, making it difficult to discern what actually happened, even taking the facts in the Amended Complaint as true.  (<u>Id.</u> at 1-14).

    This action was originally filed on July 22, 2021 in New Jersey Superior Court. (ECF 1 at 2).  Plaintiffs proceeded anonymously in the Complaint.  (ECF 1-1 at 2).  On August 27, 2021, Defendants removed the action to the United States District Court for the District of New Jersey.  (ECF 1 at 2). Then, on August 30, 2021, the Court filed an Order To Show Cause as to why Plaintiffs should be allowed to proceed anonymously. The Order directed that if Plaintiffs failed to respond within 15 days, the Defendants could move to dismiss the case under Federal Rule of Civil Procedure 10(a).  (ECF 4 at 3).

    Plaintiffs failed to respond in a timely manner to the

Order to Show Cause, first seeking leave to respond long after the deadline on October 11, 2021 (ECF 8) and soon thereafter filing an Amended Complaint on October 14, 2021 revealing the identity of the Plaintiffs (ECF 12).  Defendants moved to dismiss the Amended Complaint on October 28, 2021.  (ECF 14).  Plaintiffs never filed an opposition brief and Defendants filed a brief in further support of their motion to dismiss on November 24, 2021.  (ECF 15).  It is against this backdrop that the Court will analyze the motion to dismiss the Amended Complaint.[1]

## DISCUSSION

### I.   Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331 and pendent jurisdiction over their state law claims under 28 U.S.C. § 1367.

---

[1] On December 6, 2021, counsel for Plaintiffs filed what appeared to be a motion to seal so that he could explain his failure to respond to the motion to dismiss.  (ECF 17).  The motion to seal was nonsensical and did not comply with the Court's local rules. Therefore, the Court will deny that motion as well. L. R. Civ. P. 5.3(c) (requiring among other things a single consolidated motion clearly explaining the injury that would result if the materials were not sealed). As of the date of this Opinion no opposition to the Motion to Dismiss has been filed by Plaintiffs.  The Motion to Seal also refers to a motion to remand.  No such motion has been filed on the docket on Plaintiff's behalf.

## II.  __Standard for Rule 12(b)(6) Motion to Dismiss__

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should

identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.  Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents

attached thereto as exhibits, and matters of judicial notice.
S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,
181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,
however, "an undisputedly authentic document that a defendant
attaches as an exhibit to a motion to dismiss if the plaintiff's
claims are based on the document."  Pension Benefit Guar. Corp.
v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.
1993).  If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment
motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

## III. **Analysis**

All fourteen Counts in the Amended Complaint must be
dismissed because they contain mere recitations of the elements
of the claims and the Amended Complaint does not have enough
factual underpinnings to sustain them.

### a. **Count I: Violation of the Equal Pay Act of 1963**

Although, Plaintiffs do not cite a particular provision of
the Equal Pay Act, it appears that they are trying to state a
claim under 29 U.S.C. § 206(d)(1) as the Amended Complaint
quotes part of its provisions.  (See ECF 12 at 15-16).  Claims
under this provision are subject to a two-step burden shifting
process.  Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir.
2000).  First, a plaintiff must "establish a prima facie case by

7

demonstrating that employees of the opposite sex were paid
differently for performing 'equal work'—work of substantially
equal skill, effort and responsibility, under similar working
conditions." Id. (citing E.E.O.C. v. Delaware Dept. of Health
and Social Services, 865 F.2d 1408, 1413–14 (3rd Cir.1989)).
Once a plaintiff meets that burden, "[t]he burden
of *persuasion* then shifts to the *employer* to demonstrate the
applicability of one of the four affirmative defenses specified
in the Act." Id. (emphasis in original).

The Amended Complaint does not meet this burden.
Plaintiffs have made boilerplate statements that "Plaintiffs
working in similar roles to non-black employees were paid less
than to nonblack employees and males performing similar roles,
albeit with different titles" and that "[n]on-black counterparts
received preferential payment and financial awards relative to
Plaintiffs." (ECF 12 at 16). That is not enough. Smarte
Carte, Inc. v. Innovative Vending Sols. LLC, 2020 WL 5758363, at
*7 n.7 (D.N.J. Sept. 28, 2020) (stating that boilerplate
assertions are not enough to survive a motion to dismiss); Marra
v. Twp. of Harrison, 913 F. Supp. 2d 100, 104 (D.N.J. 2012) ("To
survive a motion to dismiss, a complaint must allege, in more
than legal boilerplate, those facts about the conduct of each
defendant giving rise to liability.") Once these conclusory
assertions are taken out of the equation, the Court does not

perceive anything else in the Amended Complaint that would make
out a claim for sex discrimination under the Equal Pay Act.

**b. Count II: Discrimination in Violation of the New Jersey
Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, _et_
_seq_.**

"To state a claim for discrimination under the NJLAD, a
plaintiff must first establish that: (1) she is a member of a
protected class; (2) she was qualified for the position in
question; (3) she suffered an adverse employment action; and (4)
that adverse employment action gives rise to an inference of
unlawful discrimination." Gaines v. Sec. Guard, Inc., 2021 WL
5833480, at *2 (D.N.J. Dec. 9, 2021) (internal quotation marks
omitted).  Once that showing has been made for the claim,
"'[t]he burden of going forward then shifts to the employer to
rebut the presumption of undue discrimination by articulating
some legitimate, nondiscriminatory reason for the' adverse
action." Tegler v. Glob. Spectrum, 291 F. Supp. 3d 565, 594–95
(D.N.J. 2018).  At that point, "[t]he plaintiff then has the
opportunity to prove by a preponderance of the evidence that the
legitimate nondiscriminatory reason articulated by the defendant
was not the true reason for the employment decision but was
merely a pretext for discrimination." Grigoletti v. Ortho Pharm.
Corp., 570 A.2d 903, 907 (1990).

This claim also fails because it makes only conclusory
allegations.  As with Count I, Count II of the Amended Complaint

baldly states that "Plaintiffs suffered disparate treatment,
disparate impact, discriminatory intent, a pattern and practice
of discrimination, hostile work environment and evidence of
hostility by employers or agents" and that "[n]on-black
counterparts received preferential treatment relative to
Plaintiffs, despite offering up similar grievances." (ECF 12 at
16).  Again, Plaintiffs don't offer any factual context for this
claim beyond statements such as these for the Court to assess
the plausibility of the allegations.  Therefore, Count II must
also be dismissed. See Malleus, 641 F.3d at 563.

c. **Count III: Retaliation in Violation of NJLAD**

To make out a retaliation claim under the NJLAD, "an
employee must demonstrate: (1) the employee engaged in a
protected employee activity; (2) the employer took an adverse
employment action after or contemporaneous with the employee's
protected activity; and (3) a causal link exists between the
employee's protected activity and the employer's adverse
action." Gaines, 2021 WL 5833480 at *2.  As with a
discrimination claim under the NJLAD, once a plaintiff meets
that threshold, the burden shifts to the defendant to rebut the
claim, and, if they are able to do so, the plaintiff must show
that the defendant's proffered reason is pretextual.  See id. at
3.

Plaintiffs claim that Defendants retaliated against them

but do not offer enough facts to contextualize the claims. Plaintiffs claim that after they brought complaints to Defendants' attention, they "they were subjected to an adverse employment action when they were subsequently required to sign documents that falsely claimed that they had suffered no harassment in 2020, and were denied promotions, transfers and bonuses earned or which they qualified." (ECF 12 at 17).  To be sure, these kinds of statements provide more context than what was provided for Count II, but it still is not enough. Plaintiffs do not offer enough narrative regarding when and where Plaintiffs raised complaints and when and where Plaintiffs signed the documents in question for the Court to find that their claims are plausible.[2]  See Twombly, 550 U.S. at 555.

### d. Count IV: Retaliation Via Compulsory Arbitration

Plaintiffs claim in Count IV that after they raised certain complaints, particularly in the wake of the #MeToo movement, Defendants modified the company policy so that disputes had to be handled via arbitration.  (ECF 12 at 10-11).  They also state

---

[2] This Court and Count II also must fail because Plaintiffs allege only that they worked in New York and NJLAD claims are only applicable when the work location is in New Jersey. Peikin v. Kimmel & Silverman, P.C., 576 F. Supp. 2d 654, 657 (D.N.J. 2008) "New Jersey courts have consistently applied the law of the *state of employment* to claims of workplace discrimination, and therefore only apply the NJLAD if the claimant was employed in New Jersey.") (internal quotation marks omitted) (emphasis in original).

that signing the arbitration agreement was a condition of continuing their employment.  (Id.)  The Amended Complaint merely states that "Defendants enacted an unconscionable and inapplicable arbitration agreement to muzzle Plaintiffs . . . Defendants' arbitration agreement further failed to meet the applicable standards to enforce said agreement." (Id. at 18).

Plaintiffs do not explain how or why the agreement is unconscionable or inapplicable.  Even if Plaintiffs had to sign the arbitration agreement as a condition of employment, many courts have held that that does not necessarily make the agreement unconscionable.  Montgomery v. Bristol-Myers Squibb Co., 2020 WL 3169373, at *6 (D.N.J. June 15, 2020) (holding that a plaintiff who lost her job because of her refusal to sign an arbitration agreement could not show that the agreement was unconscionable without showing other facts); Am. Fam. Life Assurance Co. of New York v. Baker, 778 F. App'x 24, 27 (2d Cir. 2019) ("Additionally, as this Court has explained, neither the FAA nor New York law precludes the enforcement of employment contracts which make employment conditional upon an employee's acceptance of mandatory arbitration.") (internal quotation marks omitted); Lang v. Skytap, Inc., 347 F. Supp. 3d 420, 427 (N.D. Cal. 2018) ("An arbitration agreement, however, is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis.")

(internal quotation marks omitted).  Because Plaintiffs do not offer any more context on the terms of the arbitration agreement or the circumstances under which they signed it, this claim must fail as well.

### e. Count V: Violation of CEPA, N.J.S.A. 34:19-3a(1)

The Court can summarily dismiss Plaintiffs' CEPA claim for the simply reason that Plaintiffs never allege that the situs of their work was in New Jersey.  Peikin v. Kimmel & Silverman, P.C., 576 F. Supp. 2d 654, 657 (D.N.J. 2008); Lee v. United Airlines, Inc., 2021 WL 2679891, at *4 (D.N.J. June 29, 2021) ("In determining whether a Plaintiff can pursue claims under CEPA or LAD, the key question is the situs of Plaintiff's employment.").  This claim therefore fails out of the gate and must be dismissed.

### f. Count VI, IX, X, XIII: Hostile Work Environment, Retaliation, Defamation, and Conduct Giving Rise to Punitive Damages

The Court will consider the claims that underly Counts VI, IX, X, XIII together as the pleadings for each Count are so paltry that it makes sense to discuss them as a group. Ultimately, they all fail because the Amended Complaint does not allege facts with particularity such that the claims are plausible.

With respect to Count VI on a hostile work environment, the Amended Complaint is replete with conclusory assertions that the

work environment was hostile, but does not outline the factual background that would give rise to the inference that that was in fact the case.  It is also not clear the basis of the claim. If the basis is the NJLAD, it automatically fails because Plaintiffs have not alleged that they were employed in New Jersey.  Lee, 2021 WL 2679891 at *4.  If the claims are under Title VII, the claim still fails because Plaintiffs have not pled the elements.  "In order to establish a hostile work environment claim under Title VII, a plaintiff must show that (1) he suffered intentional discrimination because of his [race]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." Hightower v. Roman, Inc., 190 F. Supp. 2d 740, 750 (D.N.J. 2002) (internal quotation marks omitted).  While the Amended Complaint makes some gestures toward the first three elements with its vague narrative, it completely disregards the last two. Therefore, Count VI fails.

Count IX is much the same, if the basis for the retaliation claim is the NJLAD, it fails because Plaintiffs have not alleged that they work in New Jersey.  Lee, 2021 WL 2679891 at *4.  If the claim is based on Title VII, it still fails because of vague pleading.  "A plaintiff seeking to establish a prima facie case

14

of retaliation under Title VII must show: (1) that she engaged
in a protected activity, which can include informal protests of
discriminatory employment practices such as making complaints to
management; (2) adverse action by the employer either after or
contemporaneous with the employee's protected activity; and (3)
a causal connection between the protected activity and the
adverse action." Moore v. Sec'y U.S. Dep't of Homeland Sec.,
718 F. App'x 164, 166 (3d Cir. 2017) (internal quotation marks
omitted). Like with Count VI, Plaintiffs make vague statements
regarding the first two elements but do not provide enough
narrative for the Court to understand what allegedly happened.
Further, the Amended Complaint completely misses the third
element as it does not allege any facts to suggest a "causal
connection" between engagement in a protected activity and
adverse employment action.

Counts X and XII asserting defamation and conduct giving
rise to punitive damages provide so little context, that it is
hard to understand where they fit in the Amended Complaint at
all. "In order to prove defamation, a plaintiff must establish,
in addition to damages, that the defendant (1) made a defamatory
statement of fact (2) concerning the plaintiff (3) which was
false, and (4) which was communicated to a person or persons
other than the plaintiff." Feggans v. Billington, 677 A.2d 771,
775 (App. Div. 1996). The Amended Complaint says, "Defendants

15

defamed Plaintiff Desire by speaking and publishing false statements about her conduct after she separated employment." (ECF 12 at 22-23).  This is a mere recitation of the elements of defamation rather than a description of the facts underlying the claim.  This is not enough to pass muster and Count X fails. For Count XIII the Amended Complaint only says, "An award of punitive damages is warranted by the nature of wrongful intentional acts of each Defendant and unwillingness to remedy each act." (Id. at 24).  In addition to being conclusory, this statement does not event point to what statutory scheme or other legal entitlement that allows Plaintiffs to seek punitive damages.  Moreover, a prayer for an award of punitive damages is a claim for a remedy not a standalone claim of liability. Phillips v. New Jersey Transit, 2021 WL 1661087, at *13 (D.N.J. Apr. 28, 2021) ("However, punitive damages are a remedy incidental to a cause of action, not a substantive cause of action in and of themselves.") (internal alterations omitted).

Therefore, Count XIII fails as well.

**g. Count VII: Violation of the New Jersey Constitution**

Plaintiffs allege violation of the New Jersey Constitution, in particular sections 1, 5, 6, 18, and 19 of Article I.  (See id. at 21).  As the Court has explained with respect to the Counts it has analyzed above, the Amended Complaint is devoid of factual underpinnings to support Count VII.  In addition, from

16

what the Court is able to glean from the narrative in the
Amended Complaint, it appears that the sections cited by
Plaintiffs are completely inapposite.  Sections 1, 6, 18, and 19
deal with general statements on unalienable rights, free speech,
the right to petition the government, and the right to unionize.
See N. J. S. A. Const. Art. 1.  Section 5, dealing with
discrimination in employment (see id.), perhaps comes the
closest to the context underlying the Amended Complaint, but
Plaintiffs have not alleged sufficient facts to state a
plausible claim under the provision.  Nor, as with the state
statutory claims, does the Complaint assert facts that would
support the extraterritorial application of the New Jersey state
constitution.  Therefore, Count VII shall be dismissed.

### h. Counts XIII and XIV: Breach of Good Faith and Fair Dealing and Breach of Contract

At the outset, the Court notes that "New Jersey law does not
allow supplementary common law causes of action when a statutory
remedy under the LAD exists." Kuilan v. Sodexo Inc., 2012 WL
1964492, at *8 (D.N.J. May 31, 2012) (internal alterations
omitted).  In any case, both Counts VII and XIV must be
dismissed.  Starting with the breach of contract claim, Count
XIV, Plaintiffs do not identify a contract or its terms under
which they allege a breach.  Accurate Abstracts, LLC v. Havas
Edge, LLC, 2015 WL 5996931, at *4 (D.N.J. Oct. 14, 2015) ("To

17

adequately plead a breach of contract claim a plaintiff must specifically identify the portions of the contract that were allegedly breached.") (internal alterations omitted).  Because Plaintiffs do not identify the terms of the contract that have been breached, Count XVI fails.

Count VIII also fails because Plaintiffs have not adequately pled the existence of a contractual relationship.  Schneider v. Sumitomo Corp. of Am., 2010 WL 2521774, at *7 (D.N.J. June 14, 2010) ("Plaintiff's breach of the implied covenant of good faith and fair dealing claim must be dismissed, as such a claim does not arise in the absence of a contractual relationship.") (internal alterations omitted).  The Amended Complaint states that Plaintiffs "relied to their detriment" on Defendants' policies and procedures (ECF 12 at 21) but does not give context of what the policies in question were and how they relied.  Therefore, Count VIII must be dismissed as well.

### i. Count XI: Violation of 42 U.S.C. § 1983

Plaintiffs' § 1983 claim fails for the simple fact that Defendants are private actors and Plaintiffs have not alleged that Defendants violated their rights while acting under color of state law.  Lentz v. Taylor, 2021 WL 5121247, at *3 (3d Cir. Nov. 4, 2021) (noting that private actors, such as lawyers, are not automatically liable under § 1983); Cofer v. Lanigan, 2019 WL 1772018, at *6 (D.N.J. Apr. 23, 2019) ("Additionally, to the

extent that plaintiff may be attempting to bring a § 1983 claim against Master Lock, he fails to state a claim because he does not allege with any facial plausibility that Master Lock, a private corporation, was 'acting under color of state law.'") Therefore, Count XI must be dismissed.

### j. Count XII: Violation of 42 U.S.C. § 2000e-2 Unlawful Employment Practices

This claim under Title VII fails for the simple reason that Plaintiffs have not alleged that they have exhausted their administrative remedies. Fletcher v. Gateway Grp. One, 2021 WL 2651254, at *2 (D.N.J. June 28, 2021) (noting that a plaintiff seeking to sue under Title VII must have first filed a claim with the Equal Employment Opportunity Commission); see also O'Leary v. Cty. of Salem Corr. Facility & Sheriffs Off., 2017 WL 4548264, at *4 (D.N.J. Oct. 12, 2017), on reconsideration in part sub nom. O'Leary v. Cty. of Salem, 2018 WL 1942517 (D.N.J. Apr. 25, 2018).  This alone requires dismissal of Count XII.[3] Further, the Court notes that the pleadings underpinning Count XII lack sufficient factual context to be plausible, and therefore, the Count is subject to dismissal on that ground as well.

---

[3] The Court notes that for Counts VI and IX, this analysis equally applies and requires dismissal.

## CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss the Complaint (ECF 14) will be granted in its entirety. Plaintiffs shall have thirty (30) days to file an amended complaint for all claims except their NJLAD, CEPA and § 1983 claims (Count II, III, V and XI), as the Court finds that amendment would be futile in light of the fact that the situs of the work was not in New Jersey and Plaintiffs have not alleged the involvement of state actors. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.")

An appropriate Order will be entered.


Date:  February 10, 2022            /s Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.