UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDELINE DESIRE, TIFFANY ROBERTSON, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DREAMWEAR INC. et al.,<br><br>Defendants. | No. 1:21-cv-16178-NLH-SAK<br><br>**OPINION and ORDER** |

**APPEARANCES**:

KWAME L. DOUGAN
SCOTCH & PALM LAW GROUP
141 HARRIS RD.
PRINCETON, NJ 08540

   *On behalf of Plaintiffs*.

JEFFREY DOUGLAS
DAVID ABRAHAM GOLD
KANE KESSLER, P.C.
600 THIRD AVENUE
35TH FLOOR
NEW YORK, NY 10016

   *On behalf of Defendant.*

**HILLMAN, District Judge**

   WHEREAS, on February 10, 2022, this Court issued an Opinion and corresponding Order dismissing Plaintiffs' first amended complaint. (ECF 20, 21);

   WHEREAS, the Court's February 10, 2022 Order dismissed Counts II, III, V, and XI of Plaintiffs first amended complaint

with prejudice;

WHEREAS, this Court set out in its February 10, 2022 Opinion the reason for dismissing certain claims with prejudice, stating that amendment to claims brought under the New Jersey Law Against Discrimination ("NJLAD"), New Jersey Conscientious Employee Protection Action ("NJCEPA"), and 28 U.S.C. § 1983 "amendment would be futile in light of the fact that the situs of the work was not in New Jersey and Plaintiffs have not alleged the involvement of state actors" (ECF 20 at 20);

WHEREAS, this Court's Opinion on February 10, 2022 further instructed that Plaintiffs' Title VII claims were not sufficiently plead because Plaintiffs had "not alleged that they have exhausted their administrative remedies" (Id.);

WHEREAS, this Court permitted Plaintiffs thirty (30) days to amend their complaint, giving Plaintiffs until March 10, 2022 to file a second amended complaint (Id.; ECF 21);

WHEREAS, due to alleged technical issues Plaintiffs' second amended complaint was not filed on the docket until April 6, 2022 (ECF 22);

WHEREAS, Plaintiffs' second amended complaint included claims brought under NJLAD, NJCEPA, and § 1983, despite this Court's dismissal of these Court's with prejudice;

WHEREAS, the second amended complaint included claims brought under Title VII, but did not allege exhaustion of

administrative remedies despite the Court's warning of this insufficiency;

WHEREAS, on May 4, 2022, Defendants filed a Motion to Dismiss the second amended complaint (ECF 24);

WHEREAS, on May 31, 2022, Defendants filed a memorandum of law in support of their Motion to Dismiss (ECF 25);

WHEREAS, Plaintiffs did not file a response to the Motion to Dismiss the second amended complaint just as they had failed to respond to the motion to dismiss the amended complaint;

WHEREAS, Fed. R. Civ. P. 11(c)(1) states in relevant part that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

WHEREAS, pursuant to Fed. R. Civ. P. 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including

attorney's fees, incurred for the motion."

WHEREAS, pursuant to Fed. R. Civ. P. 11(c)(4), "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

WHEREAS, Federal Civil Procedure Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" <u>Lieb v. Topstone Indus. Inc.</u>, 788 F.2d 151, 157 (3d Cir.1986).

WHEREAS, on October 4, 2021, Defendants sent counsel for Plaintiffs a letter with a Rule 11 Sanctions Notice, advising that Defendants would seek sanctions if Plaintiffs did not withdraw or voluntarily dismiss frivolous claims;

WHEREAS, on April 14, 2022, Defendants again sent a letter with a Rule 11 Sanctions Notice;

WHEREAS, on June 23, 2022, Defendants served Plaintiffs with a copy of their intended Motion for Sanctions pursuant to

Fed. R. Civ. P. 11(c)(2);

    WHEREAS, Counsel for Plaintiffs did not take any action in this Court in response to any of these communications;

    WHEREAS, on July 15, 2022, Defendants filed their Motion for Sanctions with the Court (ECF 26) as well as a supporting memorandum (ECF 27));

    WHEREAS, Defendants filed a declaration in support of their Motion for Sanctions on August 8, 2022 (ECF 28) as well as an additional supporting memorandum (ECF 29);

    WHEREAS, Plaintiffs did not file a timely response to the Motion for Sanctions;

    WHEREAS, on March 7, 2023, this Court set a hearing on Defendants' Motion to Dismiss and Motion for Sanctions to be held on March 30, 2023;

    WHEREAS, on March 28, 2023, two days before the hearing Counsel for Plaintiffs filed a one-page letter asking this Court to deny the Motion for Sanctions (ECF 31);

    WHEREAS, on March 29, 2023, Defendants filed a letter in response again setting out its reasons the case should be dismissed and sanctions should be issued;

    WHEREAS, this Court held a hearing on March 30, 2023 on the Motion to Dismiss and Motion for Sanctions;

    WHEREAS, Plaintiffs filed their second amended complaint including frivolous counts that this Court had already dismissed

with prejudice;

WHEREAS, Plaintiffs' claim premised on 28 U.S.C. § 1983 is frivolous as the suit is brought against a private company and there is no indication of any state actor;

WHEREAS, Plaintiffs' claims brought under the New Jersey Law Against Discrimination and the New Jersey Conscientious Employee Protection Action are frivolous as the situs of the work was not in New Jersey, as the employment relationship was based in New York;

WHEREAS, at the hearing on the record this Court set out in further detail its reasons for imposing sanctions;

WHEREAS, this Court reviewed Defendants' request for counsel fees and costs and their supporting documentation;

WHEREAS, for reasons stated on the record, this Court will not award fees related to Defendants' work on their Opposition to Plaintiffs' Motion for Extension of Time to Response to the Order to Show Cause, Defendants' Motion to Dismiss the First Amended Complaint, Defendants' Opposition to Plaintiffs' Motion to Seal, or Defendant's Rule 11 correspondence.

WHEREAS, this Court will award fees related to Defendants' work on their Motion to Dismiss the Second Amended Complaint and Motion for Sanctions;

WHEREAS, Defendants have represented that attorney Jeffrey Douglas, who has been an attorney for over ten years, worked on

this matter at a rate of $275.00 per hour;

WHEREAS, Defendants have represented that attorney David Gold, who has been an attorney for over ten years, worked on this matter at a rate of $235.00 per hour;

WHEREAS, Defendants have represented that junior associate attorney John L. Reklatis worked on this matter at a rate of $235.00 per hour;

WHEREAS, Defendants have represented that non-attorney staff worked on this matter at a rate of $100.00 per hour;

WHEREAS, Defendants have represented that they spent approximately 53.2 hours for a total of $12,170.00 on the Motion to Dismiss the Second Amended Complaint;

WHEREAS, Defendants have represented that they spent approximately 50.1 hours for a total of $11,583.00 on the Motion for Sanctions;

WHEREAS, Defendants have included invoices that describe in detail the work performed with calculations to the tenth of an hour;

WHEREAS, this Court has determined that these rates and hours are reasonable;

WHEREAS, Plaintiffs have not challenged or otherwise questioned Defendants' Counsel's hourly rates or the time entries reflecting the efforts to response to Plaintiffs' frivolous filings;

WHEREAS, this Court has determined that the hourly rates sought are far below rates customarily charged in this geographic area for lawyers of similar skill and experience in a case of this kind and are therefore reasonable;

WHEREAS, after reviewing the detailed billing records independently the Court finds that they reflect efficient use of attorney and paralegal time and were efforts reasonably expended to respond to Plaintiffs' frivolous pleadings;

THEREFORE, for the reasons stated herein, in this Court's Opinion on the first motion to dismiss (ECF 20) and on the record at the March 31, 2023 hearing, it is on this 31st day of March, 2023

ORDERED that Defendants' Motion for Sanctions (ECF 26) be, and the same hereby is, granted in part and denied in part as explained above;

ORDERED that Counsel for Plaintiffs shall pay $12,170.00 for Defendants for work on the Motion to Dismiss the Second Amended Complaint and $11,583.00 for work on the Motion for Sanctions, for a total of $23,753.00.

At Camden, New Jersey

s/ Noel L. Hillman
Noel L. Hillman, U.S.D.J.