UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDELINE DESIRE, TIFFANY ROBERTSON, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DREAMWEAR INC. et al.,<br><br>Defendants. | No. 1:21-cv-16178-NLH-SAK<br><br>**OPINION and ORDER** |

**APPEARANCES**:

KWAME L DOUGAN
SCOTCH & PALM LAW GROUP
141 HARRIS RD.
PRINCETON, NJ 08540

    *On behalf of Plaintiffs*.

JEFFREY DOUGLAS
DAVID ABRAHAM GOLD
KANE KESSLER, P.C.
600 THIRD AVENUE
35TH FLOOR
NEW YORK, NY 10016

    *On behalf of Defendant.*

**HILLMAN**, **District Judge**

    WHEREAS, on February 10, 2022, this Court issued an Opinion and corresponding Order dismissing Plaintiffs' first amended complaint (ECF 20, 21);

    WHEREAS, the Court's February 10, 2022 Order dismissed Counts II, III, V, and XI of Plaintiffs first amended complaint

with prejudice;

WHEREAS, this Court set out in its February 10, 2022 Opinion the reason for dismissing certain claims with prejudice, stating that amendment to claims brought under the New Jersey Law Against Discrimination ("NJLAD"), New Jersey Conscientious Employee Protection Action ("NJCEPA"), and 28 U.S.C. § 1983 "amendment would be futile in light of the fact that the situs of the work was not in New Jersey and Plaintiffs have not alleged the involvement of state actors";

WHEREAS, this Court's Opinion on February 10, 2022 further instructed that Plaintiffs Title VII claims were not sufficiently plead because Plaintiffs had "not alleged that they have exhausted their administrative remedies";

WHEREAS, this Court permitted Plaintiffs thirty (30) days to amend their complaint;

WHEREAS, Plaintiffs filed a second amended complaint that realleged the claims brought under NJLAD, NJCEPA, § 1983, and Title VII previously dismissed with prejudice;

WHEREAS, the second amended complaint did not allege exhaustion of administrative remedies;

WHEREAS, on May 4, 2022, Defendants filed a Motion to Dismiss the second amended complaint (ECF 24);

WHEREAS, on May 31, 2022, Defendants filed a memorandum of law in support of their Motion to Dismiss (ECF 25);

WHEREAS, Plaintiffs did not file a response to the Motion to Dismiss the second amended complaint just as they had failed to respond to Defendant's first motion to dismiss;

WHEREAS, this Court held a hearing on March 30, 2023 on the Motion to Dismiss and a Motion for Sanctions;

WHEREAS, at the hearing on the record counsel for Plaintiffs stated that he did not oppose the Motion to Dismiss nor that the case be dismissed with prejudice;

THEREFORE, for the reasons stated herein, in this Court's Opinion on the first motion to dismiss (ECF 20) and on the record at the March 31, 2023 hearing, it is on this 31st day of March, 2023

ORDERED that Defendants' Motion to Dismiss (ECF 24) be, and same hereby is, granted in its entirety with prejudice;

IT IS FURTHER ORDERED that the Clerk mark this matter as CLOSED.

At Camden, New Jersey         s/ Noel L. Hillman
                              Noel L. Hillman, U.S.D.J.